# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02181-DME-MJW

GAYLE HOLLIDAY,

Plaintiff,

v.

JACQUELINE A. BERRIEN, Chair, Equal Employment Opportunity Commission,

Defendant.

## STIPULATED PROTECTIVE ORDER (Docket No. 28-1)

This is an action seeking redress for alleged violations of the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* The parties anticipate that because of the nature of this action, discovery will include information maintained by Defendant that may be subject to the provisions of the Privacy Act of 1974, 5 U.S.C. § 552a (1976), and otherwise subject to protection from disclosure by Sections 706(b) and 709(e) of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e-5(b), 2000e-8(e)).

The Court has considered the Joint Motion for Entry of Stipulated Protective Order. Upon a showing of good cause in support of the entry of this Protective Order, the Court GRANTS the Motion. Thus, in accordance with 5 U.S.C. § 552a(b)(11) and Fed. R. Civ. P. 26(c), to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1. If Defendant produces a document or discloses information to Plaintiff that would otherwise be protected by the Privacy Act, this order is an order of the court pursuant to 5 U.S.C. § 552a(b)(11), and thus the production or disclosure shall be deemed not to be a violation of the Privacy Act.

2. To address certain types of confidential information and documents covered by this Protective Order, the parties have agreed to designate certain information as "confidential" and limit disclosure accordingly. This Protective Order shall apply to documents, materials, and information disclosed in accordance with the discovery duties created by the Federal Rules of Civil Procedure. This includes, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information.

3. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copies of these documents that is designated as confidential based on a good faith belief that the data and records are covered by the Privacy Act, protected from disclosure by Sections 706(b) and 709(e) of the Civil Rights Act of 1964, or otherwise contain personal information regarding individuals other than Plaintiff Gayle Holliday (hereinafter "Plaintiff") and that are reasonably necessary or useful to respond to Plaintiff's discovery requests and to fulfill the Defendant's disclosure obligations under the Federal Rules of Civil Procedure. This Order neither addresses nor overrules any objections to discovery made pursuant to the Federal Rules of Civil Procedure.

4. Confidential information will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page of any document or group of documents produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request;

  c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential;" and

  d. With respect to Confidential Information that may be filed with the Court (including, but not limited to, dispositive motions and attachments thereto), by redacting the indentifying information. For the names of individuals and entities, this shall be accomplished by redacting all but the initials of the individual or entity. For the names of cases, this shall be accomplished by redacting the entire case name except for the last five digits of the case number.

5. All Confidential Information shall be subject to the following restrictions:

  a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

  b. The data, records and/or information obtained from those records shall be disclosed by the Defendant only to Plaintiff and her attorney, Nora V. Kelly ("Attorney"). Plaintiff and her Attorney shall be allowed access to such data and to copy such records but shall not disclose any of such data, records, and/or any of the information contained therein to any other person unless such disclosure is reasonably calculated in good faith to aid in the preparation or prosecution of this litigation.

  c. It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit has been signed by the recipient of the Confidential Information agreeing to abide by the terms of this Protective Order.

6. Individuals authorized to review Confidential Information covered by this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order or written agreement by the party disclosing the Confidential Information.

7. Any counsel or party who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order by persons to whom such Confidential Information is disclosed and shall obtain and retain original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom

any Confidential Information is disclosed. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel.

8. No person to whom Plaintiff or her Attorney disclose a record covered by this Order shall make a copy of the record unless copying reasonably promotes the preparation and trial of this litigation.

9. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

10. Following the final disposition of this lawsuit, including any appeals that either party may file regarding this lawsuit, Plaintiff must either: (i) return all documents produced by the Defendant to comply with the Defendant's disclosure obligations under the Federal Rules of Civil Procedure and/or Plaintiff's discovery requests to the Defendant's Attorney; or (ii) destroy all such documentation within 60 days of the date of the final disposition in this matter.

11. By agreeing to the entry of this Protective Order, the Stipulating Parties adopt no position as to the authenticity or admissibility of the documents produced.

12. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion addressing how Confidential Information shall be treated at trial.

13. This Protective Order may be modified by the Court at any time for good cause showing following notice to all parties and an opportunity for them to be heard.

14. All Documents Filed with The Court seeking Confidentiality shall comply with D.C.Colo.LCivR 7.2.

DATED this 22 day of February, 2011.

By the Court:

*[signature]*
Magistrate Judge Michael J. Watanabe
United States Magistrate Judge

Approved as to form:

*/s/ Joseph H. Azbell (Electronic Submission)*
JOSEPH H. AZBELL
Special Attorney
United States Department of Justice
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
Facsimile: 307-772-2123
Joseph.Azbell@usdoj.gov

Attorney for Defendant

*/s/ Nora V. Kelly (Electronic Submission)*
Nora V. Kelly
Nora V. Kelly, P.C.
1801 Broadway, Suite 1204
Denver, Colorado 80202
Telephone: 303-866-9868
Facsimile: 303-866-0855
nvkesq@questoffice.net

Attorney for Plaintiff